UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MARIE TERRY,

                        Plaintiff,

     v.                                          1:24-cv-01492 (AMN/PJE)

YWCA OF NORTHEASTERN NEW YORK,

                        Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**ELIZABETH MARIE TERRY**
730 Plymouth Avenue – Apt. 3
Buffalo, New York 14213
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### ORDER

**I.    INTRODUCTION**

On December 9, 2024, plaintiff *pro se* Elizabeth Marie Terry ("Plaintiff") commenced this action against defendant YWCA of Northeastern New York ("Defendant"). Dkt. No. 1 ("Complaint"). Plaintiff sought and ultimately received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 7 at 1-2.[1]

This matter was referred to United States Magistrate Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on August 26, 2025, issued a report-recommendation and order recommending that the Complaint be dismissed with leave to amend.

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Dkt. No. 7 ("Report-Recommendation").  Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 23.  Plaintiff filed objections on September 10, 2025.  Dkt. No. 10.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition).  Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error.  *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no

2

clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As detailed at length in the Report-Recommendation, Magistrate Judge Evangelista liberally construed Plaintiff's allegations as seeking to bring discrimination claims and a claim for

3

violation of her Fourteenth Amendment rights. Dkt. No. 7 at 5-21. After examining the various deficiencies in Plaintiff's allegations, including finding that she had failed to satisfy Rule 8 of the Federal Rules of Civil Procedure, he ultimately concluded that she had failed to state a claim. *Id.* Given the nature of these deficiencies, however, Magistrate Judge Evangelista recommended dismissal with leave to amend. *Id.* at 22-23.

Plaintiff's objections largely summarize the Report-Recommendation and identify no error in Magistrate Judge Evangelista's findings or recommendations. Dkt. No. 10 at 1-4. To the extent that Plaintiff takes issue with the Report-Recommendation, the nature of her challenge is difficult to discern. *Id.* at 4 (objecting to consideration of whether Plaintiff had stated a disability discrimination claim because "[t]he Plaintiff does not have a disability and is not alleging that she was discriminated against on the basis of her literally having a disability"); *id.* at 5 (objecting to recommendation that Plaintiff receive leave to amend the Complaint).

Because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error. *Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1. Upon review, the Court discerns no clear error in Magistrate Judge Evangelista's findings and recommendations. *See generally* Dkt. No. 7. As a result, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: September 30, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.