**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ELIZABETH MARIE TERRY,

Plaintiff,

v. 1:24-cv-01492 (AMN/PJE)

YWCA OF NORTHEASTERN NEW YORK,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**ELIZABETH MARIE TERRY**
730 Plymouth Avenue – Apartment 3
Buffalo, New York 14213
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I. INTRODUCTION**

On December 9, 2024, plaintiff *pro se* Elizabeth Marie Terry ("Plaintiff") commenced this action against defendant YWCA of Northeastern New York ("Defendant"). Dkt. No. 1 ("Complaint"). Plaintiff sought and ultimately received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 7 at 1-2.[1] This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on August 26, 2025, issued a report-recommendation and order recommending that the Complaint be dismissed with leave to amend. Dkt. No. 7 ("Initial Report-Recommendation"). On September 30, 2025, the Court

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

adopted the Initial Report-Recommendation in its entirety. Dkt. No. 10. On October 30, 2025, Plaintiff filed an amended complaint.[2] Dkt. No. 14 ("Amended Complaint"). Magistrate Judge Evangelista reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and, on April 28, 2026, issued a report-recommendation and order recommending that the Amended Complaint be dismissed with prejudice and without leave to amend. Dkt. No. 16 ("Report-Recommendation"). Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 15. The Court subsequently granted Plaintiff two extensions of time to file objections. Dkt. No. 20; Dkt. No. 22. On July 30, 2026, Plaintiff filed objections to the Report-Recommendation.[3] Dkt. No. 23.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and dismisses the Amended Complaint with prejudice and without leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be

---

[2] The Court notes that Plaintiff filed two documents, labeled "Amended Complaint" and "Second Amended Complaint," respectively. Dkt. Nos. 12, 14. The amended complaint and second amended complaint are identical in substance. *Compare* Dkt. No. 12 *with* Dkt. No. 14. The only difference between the two filings is that the second amended complaint contains several additional pages consisting of exhibit labels and a second copy of Plaintiff's statement of facts. *Compare* Dkt. No. 12 *with* Dkt. No. 14. The Court accordingly refers to Plaintiff's second amended complaint as the "Amended Complaint" and considers it the operative pleading, consistent with the Report-Recommendation.

[3] The Court further notes that Plaintiff filed two documents, labeled "Amended Objections" and "Amended Complaint," on August 3, 2026, three days after the deadline to file objections had passed. Dkt. Nos. 24, 25. The Amended Objections are identical in substance to the timely-filed Objections, *compare* Dkt. No. 23 *with* Dkt. No. 24; and the newly filed "Amended Complaint" is identical in substance to the operative Amended Complaint, *compare* Dkt. No. 14 *with* Dkt. No. 25. The Court accordingly analyzes only the timely-filed Objections and the operative Amended Complaint.

'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes to 1983 Addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a

legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). A court may, however, consider factual allegations submitted in a *pro se* party's legal memoranda, so long as those allegations "'supplement or clarify the plaintiff's pleaded allegations.'" *Sommersett v. City of New York*, No. 09 CIV. 5916 LTS KNF, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011) (quoting *Milano v. Astrue*, No. 05 Civ. 6527(KMW)(DF), 2007 WL 2668511, at *2 (S.D.N.Y. Sept. 7, 2007)); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.") (citation omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As detailed at length in the Report-Recommendation, Magistrate Judge Evangelista liberally construed Plaintiff's allegations as seeking to bring an employment discrimination claim. Dkt. No. 16 at 3-4. Magistrate Judge Evangelista first determined that Plaintiff had not satisfied the timeliness and prelitigation requirements necessary to pursue her disability claims in federal

court. *Id.* at 4-9. Magistrate Judge Evangelista next determined that, even if Plaintiff had satisfied these requirements, the Amended Complaint still failed to state a disability discrimination claim. *Id.* at 9-12. Magistrate Judge Evangelista also concluded that Plaintiff had abandoned several claims that she had asserted in the Complaint but had not realleged in the Amended Complaint. *Id.* at 13-14. Finally, because the Amended Complaint failed to state a claim and Plaintiff had already received an opportunity to amend, Magistrate Judge Evangelista recommended dismissing the Amended Complaint with prejudice and without leave to amend. *Id.* at 14-15.

Plaintiff's objections largely summarize the Report-Recommendation rather than assert error in Magistrate Judge Evangelista's findings or recommendations. Dkt. No. 23 at 3-6. However, in her objections, Plaintiff alleges for the first time that the YWCA perceived her to be disabled due to its belief that she and other residents were "homeless and/or previously homeless," and that "homelessness causes one to be mentally disabled." *Id.* at 4-5. This assertion is consistent with and serves to clarify the allegation in the Amended Complaint that YWCA's "administrators considered their residents to have some kind of disability if their tenants were renting a room at the YWCA of Northeastern New York's residence for domestic violence victims," Dkt. No. 14 at 4; *see Sommersett*, 2011 WL 2565301 at *3. This clarification might serve to identify "what disability(ies) or condition(s) the YWCA diagnosed her with that rendered her disabled." Dkt. No. 16 at 12. The Court need not decide whether this clarification is sufficient, however, because Plaintiff fails to cure the remaining fatal pleading deficiencies identified in the Report-Recommendation, including whether the "YWCA is a covered entity within the meaning of the ADA," the existence of a "policy of refusing to hire disabled individuals for full-time employment and that [Plaintiff] was not hired by the YWCA as a result of [any such] policy." *Id.* at 11. Even affording Plaintiff due solicitude and considering the additional factual matter introduced in her

objections, the Amended Complaint still fails to state a claim upon which relief could be granted.

Upon review, the Court discerns no clear error in Magistrate Judge Evangelista's remaining findings and recommendations. As a result, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 14, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close the case.[4]

**IT IS SO ORDERED.**

Dated: August 17, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.